**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| ANTONIO MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO. 2:26-cv-67-TFM-C |
| | ) | |
| FRONTLINE EXPRESS INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is *Plaintiff Antonio Mitchell's Motion to Remand and Brief in Support* (Doc. 12, filed 4/1/26). Defendants filed a response in opposition, and Plaintiff filed a reply. Docs. 20, 21. Having considered the motion, response, reply, and relevant law, the Court finds the motion to remand is due to be **DENIED**.

## I. PROCEDURAL BACKGROUND

This matter was originally filed by Plaintiff Antonio Mitchell ("Plaintiff") in the Circuit Court of Marengo County, Alabama on January 28, 2026. Doc. 1-1. In the Complaint, Plaintiff brings claims of negligent or wanton driving, negligent or wanton hiring, training, supervision, retention, and entrustment, and negligent or wanton inspection, maintenance, service, alteration, and repair against Defendants Frontline Express Inc. ("Frontline") and Vladimir Khramakov ("Khramakov") (collectively, "Defendants"). *Id.* On March 2, 2026, Defendants timely removed this matter to this Court asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Doc. 1.

On April 1, 2026, Plaintiff filed his instant Motion to Remand, for which the Court ordered Defendants to show cause why this matter should not be remanded to the state court. Docs. 12,

13. Defendants filed their response to the Court's show cause order, and Plaintiff filed his reply. Docs. 20, 21. The motion to remand is fully briefed and ripe for review, and the Court finds oral argument unnecessary.

## II. STANDARD OF REVIEW

Federal courts have a strict duty to exercise jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716, 116 S. Ct. 1712, 1720, 135 L. Ed. 2d 1 (1996). However, federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (1994). The party removing this action, has the burden of establishing federal jurisdiction. *See Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1318 (11th Cir. 2001)). Further, the federal removal statutes must be construed narrowly and doubts about removal must be resolved in favor of remand. *Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir. 2003) (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)); *Burns*, 31 F.3d at 1095 (citations omitted).

## III. DISCUSSION AND ANALYSIS

Plaintiff argues Defendants' notice of removal does not establish the amount in controversy exceeds the jurisdictional minimum, and that Defendants have not established that it is apparent from the face of the Complaint that the amount in controversy is more than $75,000, exclusive of interest or costs. Therefore, Plaintiff only argues the amount in controversy does not meet the Court's requirement under 28 U.S.C. § 1332 and he does not contest diversity of citizenship.

"The existence of federal jurisdiction is tested at the time of removal." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008) (citing *Whitt v. Sherman*

*Int'l Corp.*, 147 F.3d 1325, 1332 (11th Cir. 1998)); *see also Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 n.6, 127 S. Ct. 1397, 1409 n.6, 167 L. Ed. 2d (2007) ("It is true that, when a defendant removes a case to federal court based on the presence of a federal claim, an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction."); *Poore v. Am.-Amicable Life Ins. Co. of Tex.*, 218 F.3d 1287, 1290-91 (11th Cir. 2000) ("events occurring after removal . . . do not oust the district court's jurisdiction.").

It is Defendants' burden to establish this Court's jurisdiction. *See Leonard*, 279 F.3d at 972 (citing *Williams*, 269 F.3d at 1318). At the time of removal, Plaintiff's Complaint does not state a specific monetary demand for compensatory and punitive damages. Doc. 1-1. Where a plaintiff does not state a specific monetary demand, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams*, 269 F.3d at 1319. "A removing defendant may rely on its own affidavits, declarations, or other documentation to establish the amount in controversy." *McGee v. Sentinel Offender Servs., LLC*, 719 F.3d 1236, 1241 (11th Cir. 2013) (per curiam) (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010)). Defendants may meet their burden by showing either that it is "facially apparent" from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, or that there is "additional evidence demonstrating that removal is proper." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). Courts should not "suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount[,]" but instead use "their judicial experience and common sense." *Id.* at 1062.

To prove the amount in controversy exceeds the Court's jurisdictional requirement, Defendants rely on the sole argument that it is facially apparent from the Complaint that the amount

in controversy is satisfied. Plaintiff counters that there is not a specific monetary prayer for relief in the complaint and that the facts are not sufficient to support Defendants argument. The Plaintiff focuses solely on the allegation in the complaint that he "suffered head, neck and back injuries, among other physical and emotional injuries." *See* Doc. 1-1 at 3. However, a review of the complaint reveals the following allegations regarding damages:

> The negligence or wantonness of Khramakov combined and concurred with the actions of the other defendants as set forth in the other counts to proximately causes [sic] Mitchell's injuries and damages, including (1) suffering great physical pain and suffering in the past and in the future, (2) suffering serious and painful medical care, treatment, and expense in the past and in the future, (3) incurring great expense to treat injuries in the past and in the future, (4) losing wages and income and the capacity to generate income in the past and in the future, (5) suffering great mental anguish, annoyance, and embarrassment in the past and in the future, (6) suffering permanent injury and disfigurement in the past and in the future, (7) enduring dependence on other persons for life, and (8) suffering a significantly reduced quality of life in the past and in the future.

Doc. 1-1 at 5. Plaintiff seeks both compensatory and punitive damages. *See id.* Had the face of the complaint only alleged that Plaintiff "suffered head, neck and back injuries, among other physical and emotional injuries[,]" the Court would likely have been inclined to find that the face of the Complaint does not jump over the $75,000 jurisdictional threshold. However, the allegations do not stop there. The allegations that Plaintiff will "endur[e] dependence on other persons for life" and that Plaintiff has lost "the capacity to generate income in the past and in the future" are particularly convincing to the Court that the amount in controversy exceeds $75,000. The Court is not required to shed its common sense when determining whether the amount in controversy requirement is satisfied. While Plaintiff does not state specific amounts in the complaint, the combined above allegations, namely those alleging severe injury, "great expense" for medical treatment, the loss of the capacity to generate income, and the dependence on other persons for life, certainly exceed $75,000. To find otherwise would require the Court to ignore

common sense. Plaintiff cannot avoid federal jurisdiction by simply not including a number for the amount of damages sought in the complaint.

The Court finds that it is facially apparent from the complaint that the jurisdictional threshold for the amount in controversy is satisfied, and remand is therefore improper.

## IV. CONCLUSION

Accordingly, based on the foregoing analysis, Plaintiff's Motion to Remand (Doc. 12) is **DENIED**.

**DONE** and **ORDERED** this 15th day of October 2026.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE